**The STATE of Texas, Appellant,**

v.

**John H. ROBERTS; Maxine Roberts; John Roberts Austin, Inc., D/B/A John Roberts' BMW of Austin, D/B/A John Roberts' Subaru, D/B/A Lexus of Austin, Appellees.**

No. 03–93–00639–CV.

Court of Appeals of Texas, Austin.

Aug. 17, 1994.

Rehearing Overruled Sept. 28, 1994.

Dan Morales, Atty. Gen., Christian J. Gros, Asst. Atty. Gen., Transp. Div., Austin, for appellant.

John McClish, Womack & McClish, P.C., Austin, for appellees.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

The Texas Department of Transportation ("the State") appeals from a summary judgment rendered by the trial court in a condemnation proceeding. The trial court

awarded the condemnees, John H. Roberts, Maxine Roberts, and John Roberts Austin, Inc., d/b/a John Roberts' BMW of Austin, d/b/a John Roberts' Subaru, d/b/a Lexus of Austin (collectively "the Robertses"), $1,385,-000 plus costs and post-judgment interest. We will reverse the summary judgment and remand the cause for a trial on the merits.

## BACKGROUND

On January 7, 1993, the State filed its original petition for condemnation of the Robertses' property along U.S. Interstate Highway 35. Tex.Prop.Code Ann. § 21.012 (West 1984) (condemning entity may bring condemnation proceeding in appropriate court if unable to agree with owner as to amount of damages). The only issue presented was the amount of compensation the Robertses were to receive. A special commissioners court awarded the Robertses one million dollars at a hearing on June 2, 1993. The State objected to the award as excessive and demanded a jury trial.

On July 6, 1993, the Robertses sent their first set of interrogatories and requests for production to the State. The Robertses asked for the identity, opinions, and reports of experts the State planned to call at trial regarding the market value of the property. In its August 5 response to the Robertses' discovery requests, the State listed seven potential testifying experts, including Harry Seidman, but did not produce any opinions or reports. It promised to supplement its response when the reports were complete. The State objected to discovery regarding the opinions and appraisal report of Byron Hinton, stating that he was a consulting-only expert and his opinion as to the market value of the property was privileged.

Pursuant to an oral agreement on August 6, the State forwarded Hinton's appraisal report to the Robertses, but continued to maintain that Hinton would not testify at trial. The State's supplemental discovery responses filed August 23 again failed to provide the opinions and reports of any expert designated to testify at trial regarding the market value of the property. The Robertses moved for summary judgment on August 27, and a hearing on the motion was set for October 1. No date had been set for a trial on the merits. On September 22 and 23, the State filed its second supplemental response, for the first time designating Hinton as a testifying expert. Also on September 23, the State filed its response to the motion for summary judgment.

The summary judgment evidence provided by the Robertses consisted of the affidavit of an expert witness, David Bolton, concerning the market value of the property. In response, the State presented Seidman's affidavit, which questioned the methodology of Bolton's appraisal, and Hinton's affidavit, which provided a separate opinion as to the market value of the property. The trial court, however, refused to consider the State's summary judgment evidence concluding that because the State did not designate the experts whose affidavits they relied upon to create a fact issue thirty days before the summary judgment hearing, those experts' affidavits could not be considered. The trial court ruled, therefore, that no material fact issue remained for the jury to determine, and granted the Robertses' motion for summary judgment based on the value provided in the Bolton affidavit.

On appeal, we must determine if the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the State's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The issue presented in this case is whether the trial court improperly excluded summary judgment evidence that the Robertses concede would raise a fact issue.

## DISCUSSION

■ In the first point of error, the State contends that because a genuine issue of material fact existed regarding the value of the condemned property, the trial court erred in granting the Robertses' motion for summary judgment. The State argues the trial court erred in refusing to consider the Hinton and Seidman affidavits based on the State's incomplete discovery responses before the summary judgment hearing. We agree. The trial court excluded the evidence

on the ground that the affidavits would be inadmissible at a trial on the merits if one were held on that day because the experts, who had not been designated at least thirty days earlier, would not be allowed to testify absent showing good cause. *See* Tex. R.Civ.P. 166b(6)(b); 215(5) (failure to supplement discovery response to designate expert witness results in exclusion of expert's testimony absent showing of good cause); *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992).[1] Therefore, the trial court concluded that the affidavits provided by these experts could not be considered at the summary judgment hearing. *See* Tex.R.Civ.P. 166a(f); *Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978) (affidavits must set forth facts that would be admissible at trial).

No date for trial had been set at the time of the summary judgment hearing; however, the Robertses argue that the discovery rule excluding the testimony of witnesses may be applied to summary judgment proceedings. They contend, therefore, that a party's failure to provide an expert witness' identity and opinions at least thirty days before a summary judgment proceeding could result in the exclusion of that expert's testimony from the summary judgment proceeding. According to the Robertses, the "trial" contemplated by rule 166b(6)(b) may be a summary judgment hearing as well as a trial on the merits.

■ Discovery rules and sanctions for failure to designate expert witnesses do not apply to summary judgment proceedings. Rather, summary judgment proceedings are controlled by the comprehensive scheme provided in rule 166a. *See Gandara v. Novasad*, 752 S.W.2d 740, 742–43 (Tex.App.—Corpus Christi 1988, no writ). According to rule 166a(c), affidavits must be filed twenty-one days before the hearing, or within seven days on leave of the court, to be considered for summary judgment purposes. The rule does not mandate that a party be previously informed of the type or source of the evidence that the opposition will rely on at the summary judgment hearing.[2]

■ Furthermore, the Robertses' interpretation does not comport with the purposes underlying summary judgment proceedings. A summary judgment is designed to eliminate patently unmeritorious claims or untenable defenses, not to deprive litigants of their right to a full hearing on the merits of any existing fact issue. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n. 5 (Tex.1979). Summary judgment is rarely viewed as appropriate when the issue is inherently one for the jury or judge to decide in cases such as this involving unliquidated damages. *Moeller v. Fort Worth Capital Corp.*, 610 S.W.2d 857, 862 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

■ The trial court apparently granted an adverse summary judgment as a discovery sanction for the State's delinquent designation of its testifying expert witnesses and its failure to produce their appraisal reports. However, rule 215 governs sanctions available for abuse of discovery. If the State failed to comply with the Robertses' proper discovery request, or if the trial court found that the State abused the discovery process by resisting discovery, the trial court could have imposed sanctions in accordance with rule 215(2)(b). *See* Tex.R.Civ.P. 215(2); 215(3).

This Court sympathizes with the Robertses' frustration in attempting to prepare for trial without adequate information regarding the State's appraisal of the property, especially considering that the State originally initiated condemnation proceedings ten months earlier. However, the Robertses'

1. Although the Robertses appear to believe that a party may always wait until thirty days before trial to designate expert witnesses, we note that the rules require designation of expert witnesses not previously disclosed in response to an appropriate inquiry *"as soon as is practical*, but in no event less than thirty days prior to the beginning of the trial, except on leave of the court." Tex. R.Civ.P. 166b(6)(b) (emphasis added).

2. The Robertses' interpretation also ignores the provision in rule 166a(c) that gives the nonmovant at least twenty-one days' notice of a summary judgment hearing after a motion is filed. The Robertses' argument would require that a nonmovant's experts be designated at least thirty days before a hearing for which the nonmovant may only receive twenty-one days' notice.

complaints regarding the State's discovery responses should have been addressed in a motion to compel discovery responses or a motion for discovery sanctions. *See* Tex. R.Civ.P. 215(1). The trial court erred in refusing to consider the Hinton and Seidman affidavits at the summary judgment hearing. These affidavits created a fact issue regarding the value of the condemned property; therefore it was improper for the trial court to grant the Robertses' motion for summary judgment. We sustain the first point of error, and consequently do not address the remaining two.

## CONCLUSION

Because the trial court erroneously excluded summary judgment evidence raising a fact issue, we reverse the trial court's summary judgment and remand the cause for a trial on the merits.