# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00197-CV

**Robert Ersek, M.D., Appellant**

**v.**

**Davis & Davis, P.C., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. 99-13296, HONORABLE PAUL DAVIS, JUDGE PRESIDING**

Appellant Robert Ersek, M.D., sued Davis & Davis, P.C., appellee, alleging legal malpractice and violation of the Deceptive Trade Practices Act.[1] The trial court granted summary judgment for appellee. Appellant asserts two issues complaining that the trial court erred in excluding his expert witness affidavit and granting summary judgment in favor of appellee. We hold that the expert's affidavit was properly excluded and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ersek sued Davis & Davis by filing his petition on November 12, 1999, alleging: (1) legal malpractice based on the firm's negligent representation of him in a medical malpractice action; and (2) violation of the DTPA based on the firm's misrepresentations regarding its competency to

---

[1] Tex. Bus. & Com. Code Ann. § 17.49(c)(1) (West Supp. 2002). We will refer to this Act as the "DTPA."

adequately represent Ersek in the underlying medical malpractice action. Francis A. Bradley and Mark A. Keene were the attorneys assigned by the firm to represent Ersek in the underlying action.

Davis & Davis filed special exceptions to Ersek's original petition March 16, 2000, as to the negligence claim. On April 17, Ersek filed a response to the firm's request for disclosure and answered interrogatories in which he indicated that he had not retained an expert witness. In May, Ersek changed counsel, and in September, he supplemented his answers, but did not identify an expert witness.

On November 6, 2000, Davis & Davis filed a motion for summary judgment and included a supporting affidavit signed by Keene. Ersek filed a response to the motion on December 7 and included a supporting affidavit signed by attorney David L. Shapiro. In addition to the response, Ersek filed a motion for continuance and a supplemental response to disclosure that identified Shapiro as an expert witness. On December 11, Davis & Davis filed a motion to strike Shapiro's affidavit and any attempted supplementation of discovery to include Shapiro as an expert witness. The trial court granted both the motion to strike Shapiro's affidavit and the motion to grant summary judgment.

## EXPERT WITNESS AFFIDAVIT

In his first issue on appeal, Ersek asserts three complaints alleging that the trial court erred in striking the affidavit of his expert witness, Shapiro. The trial court's decision to strike Shapiro's affidavit is governed by an abuse of discretion standard. *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992). The test is whether the trial court acted without reference to any guiding principles. *Mack v. Suzuki Motor Corp.*, 6 S.W.3d 732, 733 (Tex. App—Houston [1st Dist.]

1999, no. pet.). We look to the Texas Rules of Civil Procedure to determine whether Ersek complied with the schedule for designating expert witnesses. Rule 190.3 determines the discovery period. *See* Tex. R. Civ. P. 190.3(b)(1)(B)(ii). Both parties agree that the discovery period ended January 17, 2001. Rule 195.2 controls the schedule for designating experts. *See* Tex. R. Civ. P. 195.2(a). This rule requires that a party seeking affirmative relief must designate all experts ninety days before the end of the discovery period; in this case, Ersek was required to designate any expert witness by October 19, 2000. Ersek does not dispute that he failed to designate Shapiro by this date. Rather, he contends that he complied by designating no expert witness before the deadline and then supplementing his response identifying Shapiro after the deadline.

### *Supplementation*

First, Ersek contends that he was entitled to supplement his initial response in which he designated no expert witness. He directs our attention to rule 193.5, which imposes a duty to supplement discovery responses. *See* Tex. R. Civ. P. 193.5. He contends that on April 17, 2000, he responded to the firm's discovery request and disclosed that he had no expert witness at that time. On November 6, Davis & Davis filed a motion for summary judgment. Subsequently, on December 7, Ersek filed a response to the motion for summary judgment and a supplement to his discovery response in which he designated Shapiro as an expert witness for the first time. Further, Ersek directs our attention to rule 195.6, which provides that a party's duty to amend or supplement written discovery regarding a testifying expert is governed by rule 193.5. *See* Tex. R. Civ. P. 195.6.

Ersek contends the trial court erred in determining that rule 195.2 imposed a deadline of October 19, 2000, for designating an expert witness for a party seeking affirmative relief. He

contends he was entitled to designate no expert witness by the October 19 deadline and later supplement his response identifying Shapiro as his expert witness. We disagree. In Texas, a plaintiff in a legal malpractice suit is required to present expert testimony regarding the standard of skill and care ordinarily exercised by an attorney. *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex. App.—San Antonio 1995, writ denied). Had Ersek designated an expert witness before the deadline, then supplemented his response substituting Shapiro, we would find his argument persuasive. *See Best Indust. Uniform Supply Co. v. Gulf Coast Alloy Welding, Inc.*, 41 S.W.3d 145, 148 (Tex. App—Amarillo 2000, pet. denied). Ersek, however, never designated an expert witness as required by law. *See* Tex. R. Civ. P. 195.2(a).[2]

## *Late Designation*

Second, Ersek contends he met the requirements for late designation of his expert witness based on rule 193.6. *See* Tex. R. Civ. P. 193.6(b). Under this rule, Ersek may not offer the testimony of Shapiro unless the court finds good cause for late designation of an expert witness or that the late designation does not unfairly surprise or prejudice the firm. First, we consider good cause for the late designation. Ersek was required to provide expert testimony to establish his cause

---

[2] We have determined that Ersek failed to timely designate an expert witness and was, therefore, not entitled to then designate an expert witness in a supplemental discovery response. Even assuming that Ersek was entitled to supplement his response, however, we conclude that Ersek did not supplement his response "reasonably promptly." *See* Tex. R. Civ. P. 193.5(b). Davis& Davis submitted a request for disclosure on March 17, 2000. Ersek filed his response disclosing no expert witness April 17. Ersek did not supplement his response to identify an expert witness, which was required in order to establish his claim, until December 7. The trial court was within its discretion in determining that Ersek, in waiting almost eight months, did not supplement his response "reasonably promptly."

of action. The suit was filed November 12, 1999. Shapiro was designated December 7, 2000. We hold that the trial court did not abuse its discretion in concluding that appellant did not establish good cause by failing for more than one year to designate an expert witness to support his cause of action. *See Snider v. Stanley*, 44 S.W.3d 713, 717 (Tex. App.—Beaumont 2001, no pet.) (trial court did not abuse discretion in failing to find good cause for failure to designate expert witness when more than one year had lapsed since suit filed).

Next, we consider unfair surprise or prejudice resulting from the late designation. Ersek contends that Davis & Davis was not unfairly surprised or prejudiced because an expert witness was required to establish this cause of action and because Ersek offered Davis & Davis open access to depose the expert witness. We do not find these arguments persuasive. First, the fact that an expert witness is necessary to establish Ersek's cause of action does not establish that the defense would not be unfairly surprised by this expert named at this time. "The rules were revised to make that sort of anticipation unnecessary." *Id.* The supreme court discussed the concept of unfair surprise prior to the revision of the rules in *Alvarado v. Farah Manufacturing Co.*:

> Determining whether a party is really surprised by an offer of testimony not formally identified in discovery is difficult. The better prepared counsel is for trial, the more likely he is to have anticipated what evidence may be offered against his client, and the less likely he is to be surprised. It would hardly be right to reward competent counsel's diligent preparation by excusing his opponent from complying with the requirements of the rules. . . . A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory.

830 S.W.2d at 915. Furthermore, simply granting the firm the right to depose the witness does not ensure that it is not unfairly surprised or prejudiced. *See Snider*, 44 S.W.3d at 717-18. Accordingly,

5

we hold that the trial court did not abuse its discretion by failing to conclude that Davis & Davis was not unfairly surprised or prejudiced by Ersek's failure for more than one year to designate an expert witness to support his cause of action.

**Improper Sanction**

Third, Ersek complains that he was "sanctioned" inappropriately as a result of his failure to timely designate his expert witness. He contends the trial court erred because sanction rules and discovery rules do not apply to summary judgment proceedings. Ersek cites *State v. Roberts*, 882 S.W.2d 512 (Tex. App.—Austin 1994, no writ), and *Gandara v. Novasad*, 752 S.W.2d 740 (Tex. App.—Corpus Christi 1988, no writ), in support of his position. Both of these cases were decided before the revision of the rules of civil procedure. Before 1999, the discovery period began when the suit was filed and ended the date set for trial. *See Technical Corrections to the Revisions to the Texas Rules of Civil Procedure*, 981-982 S.W.2d XXXVII. Any expert witness was required to be designated thirty days prior to the end of the discovery period. *See* Tex. R. Civ. P. 166b(6)(b) (West 1998, repealed 1999); Tex. R. Civ. P. 215(5) (West 1998, amended 1999). In other words, the ending date of the discovery period and, therefore, the date for designating an expert were fluid. If the trial were postponed for any reason, the discovery period and the period for designating an expert were extended. For this case filed after January 1, 1999, the discovery period begins when the suit is filed and ends nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery. *See* Tex. R. Civ. P. 190.3(b)(1)(B)(ii).

In *Roberts*, the trial court excluded expert witness affidavits in a summary judgment proceeding, concluding that the party had failed to designate the witnesses as experts at least thirty

days before trial *assuming the trial were held that day*. *Roberts*, 882 S.W.2d at 514. This Court reversed the trial court, concluding that a summary judgment proceeding was not considered a trial for purposes of the 1998 version of rule 215; rather, the reference to "trial" in the rule was a reference to a "trial on the merits," and summary judgment proceedings were governed by rule 166a. *Id.* The *Roberts* case may be distinguished from the present case. After the revision of the rules, the discovery period under rule 190.3 now ends nine months after the date of the first oral deposition or the due date of the first response to written discovery, whichever is earlier. In other words, both the date for the end of the discovery period and the date by which an expert must be designated are dates certain that do not fluctuate depending on the date of the trial. In *Roberts*, the party offering the expert witness affidavits may have been able to use the affidavits at the trial on the merits under the rules in effect at that time. If the experts were designated at least thirty days before trial, their testimony would be admissible. This Court reversed the trial court because we were incapable of knowing whether the evidence would be admissible or not. *Id.* at 515. In the present case, however, Ersek may *not* use Shapiro's expert witness affidavit at the trial on the merits because he failed to timely designate his expert by the date certain. *See* Tex. R. Civ. P. 193.6(a). Furthermore, he could not establish good cause for his failure to designate his expert; nor could he establish that appellee would not be unfairly surprised or prejudiced. *Id.* Therefore, the evidence may not be admitted in the summary judgment proceeding held after the deadline for designating expert witnesses.

In *Gandara,* the trial court allowed expert witness affidavits in a summary judgment proceeding even though the party had failed to supplement his answers by designating his expert witnesses. *Gandara*, 752 S.W.2d at 743. However, because the party filed his summary judgment

7

motion and the supporting affidavits of his expert witnesses 124 days before the hearing, the court held that the party complied with the procedures of rule 166a regarding summary judgments and the affidavits would not be excluded as evidence at the trial on the merits. *Id.* Again, this case can be distinguished from the present case because of the rule change. Under the revised rules governing the discovery period and the period for designating expert witnesses, Ersek may *not* use Shapiro's expert witness affidavit at the trial on the merits. He failed to timely designate his expert by the date certain and failed to establish that an exception to this requirement applied in this case. As a result, the evidence may not be admitted at the trial on the merits. *See* Tex. R. Civ. P. 193.6(a). Therefore, the evidence may not be admitted in the summary judgment proceeding held after the deadline for designating expert witnesses.

***Policies and Purposes of Discovery Rules***

Although prior decisions such as *Roberts* and *Gandara* have held that rule 166a controls summary judgment proceedings, we are compelled to modify those holdings in light of the 1999 revision of the rules of civil procedure. Applying rule 190.3(b)(1)(B)(ii) to this case, the discovery period ended January 17, 2001, and applying rule 195.2(a), the deadline for designation of expert witnesses was October 19, 2000. Ersek's failure to designate a witness by this date results in his inability to present testimony from his expert at the trial on the merits, under rule 193.6(a). Therefore, the testimony should be excluded at the summary judgment hearing.

This analysis is consistent with the policies and purposes of the discovery rules. In *Best Industrial Uniform Supply Co.*, the Seventh Court of Appeals discussed the goals of the discovery process as articulated by the supreme court. *Best Indust. Uniform Supply Co.*, 41 S.W.3d

at 147. The first goal is to provide parties with notice of the evidence that the opposing party intends to present. *Id.* For example, in the case of witnesses, the discovery process insures that a witness will not be called when the opposing party has not previously identified the witness. *Id.* The purpose achieved by this goal was simply stated: "By encouraging full discovery of issues and facts prior to trial, parties are able to assess their respective positions, thereby facilitating settlement disputes." *Id.* The second goal of the discovery process is to prevent trial by ambush. *Id.* In other words, the trial should be based upon the merits of the parties' claims and defenses, rather than an advantage obtained by one side through a surprise attack. *Id.* In the present case, Ersek failed to designate his expert witness by the deadline provided by the rules and only informed the opposing party at the last possible moment—after a motion for summary judgment had been filed. Ersek did not provide appellee with proper notice of the evidence that he intended to present with regard to his expert witness. Furthermore, the impetus for Ersek's disclosure of his expert witness was the firm's motion for summary judgment. We cannot speculate as to when Ersek might otherwise have chosen to inform Davis & Davis of his chosen expert witness; however, the failure to designate an expert witness for over one year and the identification of the witness at the last possible moment does not comport with the policies and purposes of the discovery rules. We overrule Ersek's first issue.

## SUMMARY JUDGMENT PROOF

In his second issue, Ersek asserts two complaints alleging that the trial court erred in granting the motion for summary judgment based on no evidence and based on the evidence submitted by the appellee's expert testimony. We may uphold the trial court's ruling on either ground.

9

*No Evidence*

First, we consider the no-evidence finding. We held previously that Shapiro's affidavit was appropriately excluded. Without expert testimony, Ersek has no evidence to support his cause of action. *See Hall*, 911 S.W.2d at 423. He asserts that correspondence from Fred Davis, an attorney with Davis & Davis, established a standard of care sufficient to carry the case forward. We disagree. Davis was never identified as an expert witness. For the same reasons that Shapiro is excluded, Davis is excluded.

Ersek also claims that he and his wife provided affidavits raising fact issues. Lay witnesses, however, are not competent to controvert an expert's opinion, which the firm provided with Keene's affidavit. *See Anderson,* 808 S.W.2d at 55. Furthermore, Ersek claims that some of the allegations against Davis & Davis do not require expert testimony. The appellant reaches this conclusion by fracturing his cause of action into claims of legal malpractice and violation of the DTPA. In the case of a legal malpractice claim, there is no need to fracture the issues. As succinctly stated in *Sledge v. Alsup*:

> Nothing is to be gained by fracturing a cause of action arising out of bad legal advice or improper representation into claims for negligence, breach of contract, fraud or some other name. If a lawyer's error or mistake is actionable, it should give rise to a cause of action for legal malpractice with one set of issues which inquire if the conduct or omission occurred, if that conduct or omission was malpractice and if so, subsequent issues on causation and damages. Nothing is to be gained in fracturing that cause of action into three or four different claims and sets of special issues. . . . The ultimate issue is whether there has been a breach of duty which causes damage.

759 S.W.2d 1, 2 (Tex. App.—El Paso 1988, no writ).  Accordingly, Ersek can offer no evidence to support his cause of action.  This ground supports the summary judgment, and we need not address the other ground asserted.  Appellant's second issue is overruled.

## CONCLUSION

Applying the revised rules creating a date certain for the designation of expert witnesses, we affirm the trial court's exclusion of Ersek's untimely designated expert and the subsequent summary judgment in favor of Davis & Davis.

—

Justice Bea Ann Smith

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   January 25, 2002

Publish