Robbie RICH, Individually and as Sole Heir of the Estate of Jimmy L. Rich, Deceased, Appellant,

v.

Dr. Rama MULUPURI and Diagnostic Associates of North Texas, P.A., Appellees.

No. 05–05–00684–CV.

Court of Appeals of Texas, Dallas.

Aug. 21, 2006.

Rehearing Overruled Nov. 14, 2006.

John H. Holloway, Attorney, Houston, for Appellant.

Jonathan Clark Lamendola, Gregory J. Lensing, Cowles & Thompson, P.C., A.W. Arnold, III, Dallas, Michael Edward Fox, Fox, Conner, Rodriguez & Snelson, Richardson, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice RICHTER.

Robbie Rich, individually and as sole heir of the estate of Jimmy L. Rich, deceased, appeals the trial court's no-evidence summary judgment in favor of Dr. Rama Prasad Mulupuri and her employer Diagnostic Associates of North Texas, P.A. Rich asserts in six points of error that (a) the court erred in granting the summary judgment because her summary judgment evidence raised fact issues as to each of the elements of her claim, (b) because summary judgment proceedings are governed by Texas Rule of Civil Procedure 166a, the court erred in granting Diagnostic's motion to strike her expert witnesses on the basis that her failure to designate experts in accordance with the discovery rules of the Texas Rules of Civil Procedure precluded her use of expert testimony as summary judgment evidence, (c) the court erred in granting the summary judgment on the basis that, because she failed to designate her experts in accordance with the discovery rules, she could not produce evidence of the elements of her claim, and (d) the court erred in denying her reasonable attorney's fees and expenses based on

Mulupuri's and Diagnostic's "frivolous" no-evidence summary judgment motions. Finding no reversible error, we affirm.

### Background

Rich sued Mulupuri and Diagnostic following her husband's death three days after surgery for a ruptured spleen.[1] In the suit, filed April 18, 2003, Rich alleged Mulupuri misdiagnosed Rich's husband and did not secure surgery for him until eighteen days after his spleen had ruptured. Rich sought damages for Mulupuri's and Diagnostic's negligence and gross negligence in failing to see that her husband received surgery more quickly, in failing to exercise ordinary care in the diagnosis and treatment of her husband, in failing to advise her and her husband of the risks and dangers in surgery, in failing to obtain his informed consent for the treatment rendered, and in fraudulently misrepresenting his medical condition.

On July 1, 2004, the parties entered into an agreed scheduling order setting June 27, 2005 as the date for trial and establishing deadlines for, among other items, discovery and the designation of expert witnesses. See TEX. RS. CIV. PROC. 190.4 (court-ordered discovery control plan); 195.2 (schedule for designating experts). This order required Rich to designate her experts no later than December 29, 2004. On January 13, 2005, Mulupuri filed a no-evidence motion for summary judgment asserting that an adequate time for discovery had passed and that Rich had failed to designate any experts. Without any experts, Mulupuri argued, Rich could not present evidence of the elements of her claims and summary judgment was proper. See Cunningham v. Columbia/St. David's Healthcare Sys., L.P., 185 S.W.3d 7, 10 (Tex.App.-Austin 2005, no pet.) (to defeat

no-evidence summary judgment motion, plaintiff must offer expert testimony raising a genuine issue of material fact on standard of care, breach of standard, and causation). Five days later, Diagnostic filed a motion to strike and/or exclude Rich's experts on the basis that Rich had failed to properly and fully designate any experts. Like Mulupuri, Diagnostic noted that Rich had failed to designate her experts by the December 29, 2004 deadline. Diagnostic also noted, however, that on October 1, 2003, Rich had identified two non-treating experts—Dr. Scott Gruber and Dr. W. Owen Cramer—in response to its request for disclosure of any experts she anticipated calling at trial. See TEX.R. CIV. PROC. 194.2 (providing for information and material concerning lawsuit which a party may obtain from another party). To the extent Rich's disclosure response could be construed as her designation of experts, Diagnostic moved to strike that designation because the response did not contain the necessary information and material. See id. Subsequently, Diagnostic moved for a no-evidence summary judgment conditioned on the motion to strike and/or exclude. Again, like Mulupuri, Diagnostic argued that without any experts, Rich could not prevail. Mulupuri's summary judgment motion and Diagnostic's motion to strike were set for hearing February 25, 2005. Diagnostic's motion for summary judgment was set for hearing March 30, 2005.

Rich responded to Mulupuri's summary judgment motion by attaching a report from Gruber and the depositions of Mulupuri, another physician who had been named as defendant in the suit, two former defendants, and herself. Gruber's report related to liability and causation and had previously been filed in July 2003 in accor-

---

1. Rich also sued several other physicians, but her claims against them have been severed

from the claims against Mulupuri and Diagnostic.

dance with section 13.01(d) of article 4590i, which governed medical malpractice claims at the time Rich filed this suit. *See* Act of May 25, 1993, 73rd Leg., R.S., ch. 625, § 3.1993 Tex. Gen. Laws 2347, amended by Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985–87, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp. 2006)).

Rich responded to Diagnostic's motion to strike and summary judgment motion by arguing her October 2003 response to Diagnostic's disclosure request was her expert designation and, any objection to her designation of Gruber as an expert was untimely and waived. Again, Rich attached Gruber's report, Mulupuri's deposition, the depositions of another named defendant and two former defendants, and her own deposition. Additionally, Rich moved for sanctions, arguing Diagnostic's summary judgment motion was frivolous. Rich subsequently filed her designation of expert witnesses listing Gruber, Cramer, Mulupuri, the three other named defendants, several other physicians, the hospital's custodian of records, and a hospital nurse as testifying experts. Additionally, Rich listed Dr. Lige Rushing. On March 17, 2005, two weeks after the court's hearing on Diagnostic's motion to strike and Mulupuri's motion for summary judgment, Rich filed a supplemental response to Mulupuri and Diagnostic's summary judgment motions and attached an affidavit from Rushing. Rich argued that Rushing's affidavit constituted some evidence to support her claims and defeated the summary judgment motions.

On March 28, 2005, the trial court granted Diagnostic's motion to exclude and on April 4, 2005, the trial court granted Mulupuri's summary judgment motion. The court granted summary judgment in favor of Diagnostic on April 21, 2005. Rich then filed a motion for new trial arguing the summary judgment motions failed to comply with the requirement of specifically listing the elements for which no evidence was presented. Additionally, Rich noted that Mulupuri, in her motion, had "adopted all of plaintiff's depositions and affidavits" and because the depositions and affidavits established evidence of the necessary elements, summary judgment was improper and the motion for new trial should be granted. Unpersuaded, the trial court overruled the motion.

## Discussion

Resolution of Rich's points of error depends on whether her failure to designate experts in accordance with the discovery rules precluded her use of expert testimony as summary judgment evidence. If her failure to designate experts precluded her use of expert testimony, then the trial court did not err in granting Diagnostic's motion to strike, granting summary judgment on the basis that without experts she could not produce evidence of the elements of her claim, and in concluding the summary judgment motions were not frivolous.

As stated, Rich argues on appeal that summary judgment proceedings are governed by the summary judgment rules in Texas Rule of Civil Procedure 166a and thus, her failure to designate her experts in accordance with the discovery rules did not preclude her use of expert testimony as summary judgment evidence. In support of her argument, Rich cites to cases, pre-dating the 1999 changes to the discovery rules, that hold that the rules of civil procedure governing discovery practices do not apply to summary judgment proceedings because such proceedings are wholly governed by rule 166a. *See, e.g., State v. Roberts,* 882 S.W.2d 512, 514 (Tex.

App.-Austin 1994, no writ); *Gandara v. Novasad,* 752 S.W.2d 740, 742–43 (Tex. App.-Corpus Christi 1988, no writ). Rich's argument, however, is not preserved for our review. Her responses to the motion to strike and summary judgment motions were limited to arguments that (a) her October 2003 response to Diagnostic's disclosure request was her expert designation and (b) her summary judgment evidence raised a fact issue as to the elements of her claim. They did not include her argument on appeal that the discovery rules did not preclude her use of expert testimony as summary judgment evidence. Nor was this argument advanced in her motion for new trial. Because she did not expressly present this argument to the trial court, Rich has waived this complaint. *See* Tex.R. Civ. Proc. 166a(c) (appellate court may not consider as grounds for reversal issues not expressly presented to trial court by written motion, answer or other response); Tex.R.App. Proc. 33.1 (as prerequisite for presenting a complaint for appellate review, record must show complaint was made to trial court by timely request, objection, or motion). Accordingly, we overrule Rich's points of error.

We affirm the trial court's judgment.