COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






 JANE BLAKE AND MIKE HARDESTY,

Appellants,

v.


ARACELI DORADO AND JOSE LUIS
DORADO,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-04-00321-CV

Appeal from the

120th District Court 

of El Paso County, Texas 

(TC# 2002-3117) 





O P I N I O N

            This is an appeal from a no-evidence summary judgment granted in favor of Araceli Dorado
and her brother, Jose Luis Dorado (the Dorados). Jane Blake and her son, Mike Hardesty (Blake),
filed suit against the Dorados alleging negligence and negligent entrustment following a fatal car
accident. For the following reasons, we affirm the judgment of the trial court.
FACTUAL SUMMARY
            On May 27, 2002, Mr. Dorado ran a red light and struck another car, killing the driver and
seriously injuring a passenger. Blake filed suit on August 8, 2002 and alleged that the case should
be conducted with a Level 2 discovery control plan. See Tex.R.Civ.P. 190.3. Written discovery
began in October. With the deadline for several discovery responses past due, the parties entered into
a Rule 11 agreement setting January 23, 2003 as the deadline for objecting and responding to the
outstanding requests.
            The case was set for trial in February 2004. On January 29, as part of a motion for
continuance, the Dorados complained that Blake’s responses to various discovery requests remained
incomplete and additional time was needed for discovery. The trial court granted the motion and
reset the case for August 6. On January 29, 2004, the Dorados filed a motion to compel the now
overdue discovery requests, complaining that the deadline had passed nearly a year earlier. The trial
court granted the motion and awarded sanctions of $900.
            On July 7, the Dorados filed a no-evidence motion for summary judgment. In response,
Blake attached five exhibits, including Mr. Dorado’s statement to the police after the accident
(Exhibit A); answers to interrogatories (Exhibit A-1); certified copies of a notice of intent to use
extraneous offenses and corresponding traffic violations (Exhibit B); a guilty plea (Exhibit C); and
an affidavit by a witness to the accident (Exhibit D). The trial court sustained the Dorados’
objections and granted their motion to exclude all of the exhibits except the answers to
interrogatories. Summary judgment was granted on August 3, 2004.
            On appeal, Blake complains that the trial court erroneously excluded their exhibits and that
summary judgment was improper because the evidence raised genuine issues of material fact. An
ancillary issue challenges the sanctions imposed in connection with the Dorados’ motion to compel. 
EXCLUSION OF EVIDENCE
Standard of Review
            We review the exclusion of summary judgment evidence for an abuse of discretion. Barraza
v. Eureka Co., 25 S.W.3d 225, 228 (Tex.App.--El Paso 2000, pet. denied). A trial court abuses its
discretion when it acts without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The fact that a trial court may decide a matter
within its discretion in a different manner than we would does not demonstrate that an abuse of
discretion has occurred. Downer, 701 S.W.2d at 242.
Exhibits A, B, and C
            The Dorados filed their motion for summary judgment eighteen months after the end of the
designated discovery period. The exhibits in question were produced for the first time in response
to the summary judgment motion. The Dorados objected that the exhibits had not been timely
produced and were subject to the exclusionary sanction of Rule 193.6.
            Blake claims the evidence was improperly excluded because the rules for summary judgment
evidence are governed entirely by the “comprehensive scheme” contained in Rule 166a. 
Tex.R.Civ.P. 166a. In support of this argument, Blake directs us to State v. Roberts, 882 S.W.2d
512 (Tex.App.--Austin 1994, no writ). Roberts concerned an appeal from a condemnation
proceeding originally filed in 1993. Roberts, 882 S.W.2d at 513. The State presented the affidavit
of a previously undesignated expert witness as summary judgment evidence. Id. The appellate court
determined that the discovery rules for expert designation did not apply because the “comprehensive
scheme” in Rule 166a provided the standards of admissibility for summary judgment purposes. Id.
at 514. Under the pre-1999 rules, the discovery deadline fluctuated with changing trial settings. 
Ersek v. Davis & Davis, P.C., 69 S.W.3d 268, 273 (Tex.App.--Austin 2002, pet. denied), citing
Roberts, 882 S.W.2d at 515. This made it difficult in a summary judgment proceeding to determine
what evidence had been timely produced and what had not. Id.
            Roberts is clearly distinguishable because of the intervening rule revisions. See Ersek, 69
S.W.3d at 273. The discovery deadline for Level 2 cases depends on the date of the first request for
written discovery and not on a fluctuating trial setting. Id. Under the current rules, when summary
judgment is filed after the discovery deadline, we can easily identify what evidence was timely
produced and what evidence was not. While the result in Ersek was based on the failure to timely
designate an expert witness, the same analysis applies to a failure to timely respond to a request for
production. Id. at 272; see Tex.R.Civ.P. 196.1(a). Evidence that would be inadmissible at trial due
to the proponent’s failure to timely answer or supplement a request for production is also
inadmissible in a summary judgment proceeding. Ersek, 69 S.W.3d at 273; Tex.R.Civ.P. 193.6(a). 
We find the trial court did not abuse its discretion in excluding Exhibits A, B, and C.
Exhibit D
            Exhibit D is the affidavit of Michael Garcia, an eyewitness to the accident. Dorado objected
to the affidavit because Garcia failed to state that the facts contained in the document were “true and
correct.”
            An admissible affidavit must include both the affiant’s statement that the facts contained in
the document are within his or her “personal knowledge” and that they are “true and correct.”
Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994); Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984). Without a “true and correct” averment, the affidavit is defective and cannot be
considered as summary judgment evidence. Williams v. Conroe Indep. Sch. Dist., 809 S.W.2d 954,
958 (Tex.App.--Beaumont 1991, no writ). Although Garcia attests that the facts are based on his
personal knowledge, he fails to mention that they are also “true and correct.” We find no abuse of
discretion in the exclusion of evidence and we overrule Issue Two.
 

WAS SUMMARY JUDGMENT PROPER?
            We review a summary judgment de novo. Bowen v. El Paso Elec. Co., 49 S.W.3d 902, 904
(Tex.App.--El Paso 2001, pet. denied). Because a no-evidence summary judgment is essentially a
pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence
summary judgment as we apply in reviewing a directed verdict. Bowen, 49 S.W.3d at 904-05; Wyatt
v. Longoria, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.). A no-evidence motion for
summary judgment is essentially a pretrial directed verdict and we apply the same legal sufficiency
standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). The party
moving for a no-evidence summary judgment must specifically state the elements as to which there
is no evidence. Aguilar v. Morales, 162 S.W.3d 825, 834 (Tex.App.--El Paso 2005, pet. denied); see
Tex.R.Civ.P. 166a(i). The burden then shifts to the non-movant to produce summary judgment
evidence raising a genuine issue of material fact regarding each element challenged in the motion.
Aguilar, 162 S.W.3d at 834. We view the evidence in the light most favorable to the non-movant and
we must disregard all contrary evidence and inferences. King Ranch, 118 S.W.3d at 751. A genuine
issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding
the challenged element. Id. When the evidence is so weak as to create no more than a mere surmise
or suspicion of the material fact it is offered to prove, it is no more than a scintilla and, in legal
effect, constitutes no evidence. Lozano v. Lozano, 52 S.W.3d 141, 149 (Tex. 2001), citing Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). Where, as here, the trial court has granted
summary judgment without stating the grounds for doing so, we must consider all grounds alleged
in the motion and affirm if any has merit. Bowen, 49 S.W.3d at 905 n.10, citing Weiner v. Wasson,
900 S.W.2d 316, 317 (Tex. 1995).
            In Issue One, Blake contends that summary judgment was improper because the evidence
before the court was sufficient to raise a genuine issue of material fact. This argument is premised
upon our finding that four of the exhibits to the responsive pleading were erroneously excluded.
Because Exhibits A, B, C, and D were properly excluded, the only evidence before the court was
Exhibit A-1, a copy of the Dorados’ answers to Blake’s first set of interrogatories. Mr. Dorado
asserted his Fifth Amendment privilege against self incrimination in response to two questions. 
Blake argues that the inferences which may be drawn from the assertions of privilege are sufficient
to withstand summary judgment. We disagree.
            In a civil case, a fact finder may draw reasonable inferences from a party’s assertion of the
privilege against self-incrimination. Lozano, 52 S.W.3d at 150 (Phillips, C.J., concurring), citing
Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); Texas Dep’t of Pub.
Safety Officers Ass’n v. Denton, 897 S.W.2d 757, 763 (Tex. 1995); Tex.R.Evid. 513(c). But a
“claim of privilege is not a substitute for relevant evidence.” United States v. Rylander, 460 U.S.
752, 761, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). Without more, the negative inference that the trial
court may have drawn cannot rise beyond “mere suspicion.” Lozano, 52 S.W.3d at 149 (Phillips,
C.J., concurring). Consequently, the inference could not be considered as evidence at all. Id. at 152. 
By solely relying on Exhibit A-1, Blake failed to present the court with competent evidence to
survive summary judgment. Issue One is overruled. 
SANCTION ORDER?
            In the final issue for review, Blake challenges the order to compel and the corresponding
sanctions. Blake complains there was no notice or hearing, there was no prior discovery order in
place to be disobeyed, and the motion to compel was not formally opposed. We review the order
for an abuse of discretion. Koslow’s v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Aguilar, 162
S.W.3d at 831.
            The motion to compel tracked the language of Rule 215.1(d). It sought reasonable expenses 
incurred in obtaining the order to compel, including attorney’s fees. An award under Rule 215.1(d) 
is not a penalty. Hanley v. Hanley, 813 S.W.2d 511, 522 (Tex.App.--Dallas 1991, no writ). The
rule functions to reimburse the movant for the expenses incurred in obtaining the order. Id. The
order here was not a traditional discovery “sanction,” as Blake asserts, but rather an award of
attorney fees and expenses under Rule 215.1(d). See id. Our discussion will be limited to the
requirements of the rule.
            Blake first argues a lack of notice. Rule 215.1(d) requires the movant to provide reasonable
notice to opposing parties. Tex.R.Civ.P. 215.1. The Dorados filed the motion on January 29, 2004. 
Blake received a copy the same day and contacted opposing counsel. Blake next complains there
was no hearing held. The record belies this complaint. The trial court conducted a hearing on
February 4, 2004 before it signed the order. As Blake had notice and an opportunity for hearing as
required by Rule 215.1(d), the trial court did not abuse its discretion.
            Blake further challenges the order as improper because there was no prior discovery order
in place and counsel did not oppose the motion to compel itself. The discovery timetable was
selected when suit was filed and extended by a Rule 11 agreement. Blake failed to comply with the
deadline and the rule requires nothing more. Tex.R.Civ.P. 215.1(d). Having granted the motion to
compel, the trial court did not abuse its discretion by awarding the Dorados their expenses. We 

overrule Issue Three. Having overruled all of Appellant’s issues, we affirm the judgment of the trial
court.
 
                                                                        ANN CRAWFORD McCLURE, Justice

December 7, 2006

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment, not participating