**Jane BLAKE and Mike Hardesty, Appellants,**

v.

**Araceli DORADO and Jose Luis Dorado, Appellees.**

No. 08–04–00321–CV.

Court of Appeals of Texas, El Paso.

Dec. 7, 2006.

writ dism'd, w.o.j.) (quoting *United States v. Holt State Bank*, 270 U.S. 49, 56, 46 S.Ct. 197, 199, 70 L.Ed. 465 (1926)).

Lark H. Fogel, Parker, for Appellants.

Rafael Salas, Salas & Salas, L.L.P., El Paso, for Appellees.

Before CHEW, C.J., McCLURE, J., and BARAJAS, C.J. (Ret.).

## *OPINION*

ANN CRAWFORD McCLURE, Justice.

This is an appeal from a no-evidence summary judgment granted in favor of Araceli Dorado and her brother, Jose Luis Dorado (the Dorados). Jane Blake and her son, Mike Hardesty (Blake), filed suit against the Dorados alleging negligence and negligent entrustment following a fatal car accident. For the following reasons, we affirm the judgment of the trial court.

## FACTUAL SUMMARY

On May 27, 2002, Mr. Dorado ran a red light and struck another car, killing the driver and seriously injuring a passenger. Blake filed suit on August 8, 2002 and alleged that the case should be conducted with a Level 2 discovery control plan. *See* TEX.R.CIV.P. 190.3. Written discovery began in October. With the deadline for several discovery responses past due, the parties entered into a Rule 11 agreement setting January 23, 2003 as the deadline for objecting and responding to the outstanding requests.

The case was set for trial in February 2004. On January 29, as part of a motion for continuance, the Dorados complained that Blake's responses to various discovery requests remained incomplete and additional time was needed for discovery. The trial court granted the motion and reset the case for August 6. On January 29, 2004, the Dorados filed a motion to compel the now overdue discovery requests, complaining that the deadline had passed nearly a year earlier. The trial court granted the motion and awarded sanctions of $900.

On July 7, the Dorados filed a no-evidence motion for summary judgment. In response, Blake attached five exhibits, including Mr. Dorado's statement to the police after the accident (Exhibit A); answers to interrogatories (Exhibit A–1); certified copies of a notice of intent to use extraneous offenses and corresponding traffic violations (Exhibit B); a guilty plea (Exhibit C); and an affidavit by a witness to the accident (Exhibit D). The trial court sustained the Dorados' objections and granted their motion to exclude all of the exhibits except the answers to interrogatories. Summary judgment was granted on August 3, 2004.

On appeal, Blake complains that the trial court erroneously excluded their exhibits and that summary judgment was improper because the evidence raised genuine issues of material fact. An ancillary issue challenges the sanctions imposed in connection with the Dorados' motion to compel.

## EXCLUSION OF EVIDENCE

### *Standard of Review*

We review the exclusion of summary judgment evidence for an abuse of

discretion. *Barraza v. Eureka Co.*, 25 S.W.3d 225, 228 (Tex.App.-El Paso 2000, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). The fact that a trial court may decide a matter within its discretion in a different manner than we would does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242.

### Exhibits A, B, and C

■ The Dorados filed their motion for summary judgment eighteen months after the end of the designated discovery period. The exhibits in question were produced for the first time in response to the summary judgment motion. The Dorados objected that the exhibits had not been timely produced and were subject to the exclusionary sanction of Rule 193.6.

Blake claims the evidence was improperly excluded because the rules for summary judgment evidence are governed entirely by the "comprehensive scheme" contained in Rule 166a. Tex.R.Civ.P. 166a. In support of this argument, Blake directs us to *State v. Roberts*, 882 S.W.2d 512 (Tex.App.-Austin 1994, no writ). *Roberts* concerned an appeal from a condemnation proceeding originally filed in 1993. *Roberts*, 882 S.W.2d at 513. The State presented the affidavit of a previously undesignated expert witness as summary judgment evidence. *Id.* The appellate court determined that the discovery rules for expert designation did not apply because the "comprehensive scheme" in Rule 166a provided the standards of admissibility for summary judgment purposes. *Id.* at 514. Under the pre–1999 rules, the discovery deadline fluctuated with changing trial settings. *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 273 (Tex.App.-Austin 2002, pet. denied), *citing Roberts*, 882 S.W.2d at 515. This made it difficult in a summary judgment proceeding to determine what evidence had been timely produced and what had not. *Id.*

■ *Roberts* is clearly distinguishable because of the intervening rule revisions. *See Ersek*, 69 S.W.3d at 273. The discovery deadline for Level 2 cases depends on the date of the first request for written discovery and not on a fluctuating trial setting. *Id.* Under the current rules, when summary judgment is filed after the discovery deadline, we can easily identify what evidence was timely produced and what evidence was not. While the result in *Ersek* was based on the failure to timely designate an expert witness, the same analysis applies to a failure to timely respond to a request for production. *Id.* at 272; *see* Tex.R.Civ.P. 196.1(a). Evidence that would be inadmissible at trial due to the proponent's failure to timely answer or supplement a request for production is also inadmissible in a summary judgment proceeding. *Ersek*, 69 S.W.3d at 273; Tex. R.Civ.P. 193.6(a). We find the trial court did not abuse its discretion in excluding Exhibits A, B, and C.

### Exhibit D

■ Exhibit D is the affidavit of Michael Garcia, an eyewitness to the accident. Dorado objected to the affidavit because Garcia failed to state that the facts contained in the document were "true and correct."

■■ An admissible affidavit must include both the affiant's statement that the facts contained in the document are within his or her "personal knowledge" and that they are "true and correct." *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Without a "true and correct" averment, the affidavit is defec-

tive and cannot be considered as summary judgment evidence. *Williams v. Conroe Indep. Sch. Dist.*, 809 S.W.2d 954, 958 (Tex.App.-Beaumont 1991, no writ). Although Garcia attests that the facts are based on his personal knowledge, he fails to mention that they are also "true and correct." We find no abuse of discretion in the exclusion of evidence and we overrule Issue Two.

## WAS SUMMARY JUDGMENT PROPER?

We review a summary judgment *de novo*. *Bowen v. El Paso Elec. Co.*, 49 S.W.3d 902, 904 (Tex.App.-El Paso 2001, pet. denied). Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Bowen*, 49 S.W.3d at 904–05; *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.-El Paso 2000, no pet.). A no-evidence motion for summary judgment is essentially a pretrial directed verdict and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). The party moving for a no-evidence summary judgment must specifically state the elements as to which there is no evidence. *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex.App.-El Paso 2005, pet. denied); *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged in the motion. *Aguilar*, 162 S.W.3d at 834. We view the evidence in the light most favorable to the non-movant and we must disregard all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751. A genuine issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding the challenged ele-

ment. *Id.* When the evidence is so weak as to create no more than a mere surmise or suspicion of the material fact it is offered to prove, it is no more than a scintilla and, in legal effect, constitutes no evidence. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex.2001), *citing Kindred v. Con/ Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). Where, as here, the trial court has granted summary judgment without stating the grounds for doing so, we must consider all grounds alleged in the motion and affirm if any has merit. *Bowen*, 49 S.W.3d at 905 n. 10, *citing Weiner v. Wasson*, 900 S.W.2d 316, 317 (Tex.1995).

■ In Issue One, Blake contends that summary judgment was improper because the evidence before the court was sufficient to raise a genuine issue of material fact. This argument is premised upon our finding that four of the exhibits to the responsive pleading were erroneously excluded. Because Exhibits A, B, C, and D were properly excluded, the only evidence before the court was Exhibit A–1, a copy of the Dorados' answers to Blake's first set of interrogatories. Mr. Dorado asserted his Fifth Amendment privilege against self incrimination in response to two questions. Blake argues that the inferences which may be drawn from the assertions of privilege are sufficient to withstand summary judgment. We disagree.

■ In a civil case, a fact finder may draw reasonable inferences from a party's assertion of the privilege against self-incrimination. *Lozano*, 52 S.W.3d at 150 (Phillips, C.J., concurring), *citing Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *Texas Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 763 (Tex.1995); TEX. R.EVID. 513(c). But a "claim of privilege is not a substitute for relevant evidence." *United States v. Rylander*, 460 U.S. 752,

761, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). Without more, the negative inference that the trial court may have drawn cannot rise beyond "mere suspicion." *Lozano,* 52 S.W.3d at 149 (Phillips, C.J., concurring). Consequently, the inference could not be considered as evidence at all. *Id.* at 152. By solely relying on Exhibit A–1, Blake failed to present the court with competent evidence to survive summary judgment. Issue One is overruled.

## SANCTION ORDER?

In the final issue for review, Blake challenges the order to compel and the corresponding sanctions. Blake complains there was no notice or hearing, there was no prior discovery order in place to be disobeyed, and the motion to compel was not formally opposed. We review the order for an abuse of discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Aguilar,* 162 S.W.3d at 831.

The motion to compel tracked the language of Rule 215.1(d). It sought reasonable expenses incurred in obtaining the order to compel, including attorney's fees. An award under Rule 215.1(d) is not a penalty. *Hanley v. Hanley,* 813 S.W.2d 511, 522 (Tex.App.-Dallas 1991, no writ). The rule functions to reimburse the movant for the expenses incurred in obtaining the order. *Id.* The order here was not a traditional discovery "sanction," as Blake asserts, but rather an award of attorney fees and expenses under Rule 215.1(d). *See id.* Our discussion will be limited to the requirements of the rule.

Blake first argues a lack of notice. Rule 215.1(d) requires the movant to provide reasonable notice to opposing parties. Tex.R.Civ.P. 215.1. The Dorados filed the motion on January 29, 2004. Blake received a copy the same day and contacted opposing counsel. Blake next complains there was no hearing held. The record belies this complaint. The trial court conducted a hearing on February 4, 2004 before it signed the order. As Blake had notice and an opportunity for hearing as required by Rule 215.1(d), the trial court did not abuse its discretion.

Blake further challenges the order as improper because there was no prior discovery order in place and counsel did not oppose the motion to compel itself. The discovery timetable was selected when suit was filed and extended by a Rule 11 agreement. Blake failed to comply with the deadline and the rule requires nothing more. Tex.R.Civ.P. 215.1(d). Having granted the motion to compel, the trial court did not abuse its discretion by awarding the Dorados their expenses. We overrule Issue Three. Having overruled all of Appellant's issues, we affirm the judgment of the trial court.

BARAJAS, C.J. (Ret.), sitting by assignment, not participating.