**Richard WEBB, Sr., Erma Webb, Richard Jones, and Carmen Hollins, Appellants,**

v.

**Edwin MALDONADO, Appellee.**

No. 05–09–00787–CV.

Court of Appeals of Texas, Dallas.

Jan. 28, 2011.

Robert D. Ranen, Ranen & Netzer LLP, Plano, TX, for Appellants.

Kelly M. Crain, Gregory R. Ave, Walters, Balido & Crain, L.L.P., Dallas, TX, for Appellee.

Before Justices MOSELEY, MARTIN RICHTER, and MYERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

This is an appeal from a no-evidence summary judgment granted in favor of appellee, Edwin Maldonado (Maldonado). In two issues, appellants, Richard Webb Sr., Erma Webb, Richard Jones, and Carmen Hollins (collectively, the Webbs), contend the trial court erred because Maldonado's assertion of his Fifth Amendment right against self-incrimination in a civil case is against public policy and is sufficient by itself to create a fact issue that precludes summary judgment. We affirm the judgment of the trial court.

## BACKGROUND

Richard Webb Jr., son of appellants Richard Webb Sr. and Erma Webb, and

father of appellant Richard Jones, was killed on August 5, 2007. While sitting on his motorcycle at a red light, Mr. Webb was struck from behind by a white 2006 Cadillac allegedly owned by Maldonado, and allegedly driven by Maldonado's brother, Albert Maldonado.[1] The driver of the Cadillac abandoned the vehicle and left the scene following the collision. Mr. Webb was transported to Parkland Hospital where he later died.

The Webbs filed a wrongful death lawsuit, alleging Maldonado negligently entrusted his vehicle to his brother, knowing that Albert Maldonado was a reckless driver. The Webbs issued a notice for Maldonado's oral deposition and in response, Maldonado filed a motion to quash the deposition notice until such time as any criminal proceedings regarding the incident were resolved. The Webbs responded to Maldonado's motion to quash, objecting to such a postponement. The trial court denied Maldonado's motion and the deposition proceeded. During the deposition, Maldonado gave his name but asserted his Fifth Amendment right against self-incrimination to each subsequent question.

Approximately eighteen months after the Webbs filed their lawsuit, Maldonado filed a no-evidence motion for summary judgment, asserting there was no relevant, competent, or admissible evidence that created a genuine issue of material fact as to Maldonado's entrustment of his vehicle to anyone, Maldonado's vehicle being driven by an unlicensed, incompetent, or reckless driver, and any other elements of the Webbs' negligence claim against Maldonado. The Webbs filed a response to Maldonado's no-evidence motion for summary judgment, attaching two exhibits consisting of nine pages of Maldonado's deposition testimony. The trial court granted Maldonado's motion and this appeal followed.

## STANDARD OF REVIEW

After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* Tex.R. Civ. P. 166a(i). A no-evidence motion for summary judgment shifts the burden of proof to the nonmovant to present summary judgment evidence raising a genuine fact issue. *See Fort Worth Osteopathic Hosp., Inc. v. Reese,* 148 S.W.3d 94, 99 (Tex.2004); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex.2003); *Ogg v. Dillard's, Inc.,* 239 S.W.3d 409, 416 (Tex.App.-Dallas 2007, pet. denied). Our inquiry focuses on whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *King Ranch,* 118 S.W.3d at 751. Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* We examine the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex.2006) (per curiam) (quoting *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005)). When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm

1. Although Albert Maldonado was named as a defendant, the record does not reflect that he was served in the underlying action.

the judgment if any of the theories advanced are meritorious. *See Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex.2003); *Kastner v. Jenkens & Gilchrist, P.C.,* 231 S.W.3d 571, 577 (Tex. App.-Dallas 2007, no pet.).

## DISCUSSION

■ To prove negligent entrustment, the Webbs must show that (1) Maldonado owned the Cadillac and entrusted it to his brother, Albert Maldonado; (2) Albert Maldonado was an unlicensed, incompetent, or reckless driver; (3) Maldonado knew that Albert Maldonado was unlicensed, incompetent, or reckless; (4) Albert Maldonado was negligent; and (5) Albert Maldonado's negligence proximately caused the accident and Richard Webb Jr.'s death. *See Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 758 (Tex. 2007); *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987). In his motion for summary judgment, Maldonado asserted there was no evidence to show that he "entrusted his vehicle to any driver, let alone an unlicensed, incompetent, or reckless driver." In response, the Webbs argued that all of the elements of negligent entrustment could be satisfied through negative inferences drawn from Maldonado's deposition testimony. The Webbs' response to Maldonado's motion was supported by two exhibits (Exhibits A and B) consisting of nine pages of Maldonado's deposition in which Maldonado gave his name and asserted his Fifth Amendment right against self-incrimination to all other questions. The Webbs' response did not include any other evidence with respect to the challenged essential elements of the negligent entrustment claim.

The Webbs present two theories in support of their contention that the trial court erred in granting Maldonado's motion for no-evidence summary judgment. First,

the Webbs reason that the combination of the "evidence" that Maldonado owned the car that killed Richard Webb Jr., and the "evidence" that Maldonado asserted his Fifth Amendment right in response to every deposition question regarding ownership of the vehicle and the circumstances of the fatal collision, create a fact issue from which a reasonable jury can conclude that Maldonado either drove the vehicle or negligently entrusted it to another. Citing *Lozano v. Lozano,* the Webbs argue that the combination of this "legally sufficient circumstantial evidence" creates a logical bridge between the proffered evidence and the actual facts. *See Lozano v. Lozano,* 52 S.W.3d 141, 152 (Tex.2001) (Phillips, C.J., concurring). Maldonado responds by pointing out—correctly—that the record contains no summary judgment evidence pertaining to the ownership of the vehicle; therefore, the Webb's contention that Maldonado's "ownership of the vehicle at issue has been a known fact" is not supported by the record. In *Lozano,* the Texas Supreme Court stated: "[c]ircumstantial evidence may be used to establish any material fact, but it must transcend mere suspicion." *Id.* at 149 (citing *Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993)). The *Lozano* Court emphasized that "suspicion and conjecture are not evidence." *Id.* at 152. "[S]ome suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence." *Browning–Ferris,* 865 S.W.2d at 927. We have reviewed the record and find no legally sufficient circumstantial evidence that can be used to establish a material fact or to create a logical bridge between the proffered evidence (Exhibits A and B) and the necessary facts.

Second, the Webbs assert that all of the elements for negligent entrustment can be satisfied through negative inferences drawn from Maldonado's deposition testi-

mony. Maldonado concedes that in certain circumstances it may be permissible to allow a fact finder to draw a negative inference from a witness's decision to remain silent. *See Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). However, Maldonado argues that the United States Supreme Court has unequivocally stated the potential negative inference to be drawn by a fact finder has never been thought to be a substitute for evidence that would assist in meeting a party's burden. *See United States v. Rylander,* 460 U.S. 752, 758, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

█ In a civil case, a fact finder may draw negative inferences from a party's assertion of the privilege against self-incrimination. *See* TEX.R. EVID. 513(c); *see also Wilz v. Flournoy,* 228 S.W.3d 674, 677 (Tex.2007); *Tex. Dep't of Pub. Safety Officers Ass'n v. Denton,* 897 S.W.2d 757, 760 (Tex.1995). In *Baxter,* the United States Supreme Court stated: "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify *in response to probative evidence offered against them." Baxter,* 425 U.S. at 318, 96 S.Ct. 1551 (emphasis added). Accordingly, the trial court was free to draw negative inferences from Maldonado's assertion of the privilege against self-incrimination. *See Lozano,* 52 S.W.3d at 150. However, the Webbs offered *no* probative evidence against Maldonado. Given the complete lack of summary judgment evidence in this record, the negative inferences suggested by the Webbs are not reasonable. *Id.* Although the trial court was free to draw a negative inference, "the claim of privilege is not a substitute for relevant evidence." *Rylander,* 460 U.S. at 761, 103 S.Ct. 1548; *see also Matbon, Inc. v. Gries,* 288 S.W.3d 471, 489 (Tex.App.-Eastland 2009, no pet.) (negative inferences drawn from truck driver's repeated

invocations of the Fifth Amendment privilege against self-incrimination cannot rise beyond mere suspicion and consequently, cannot be considered evidence that the truck driver had actual awareness of the extreme risk created by his conduct); *Blake v. Dorado,* 211 S.W.3d 429, 433 (Tex. App.-El Paso 2006, no pet.) (automobile driver's assertion of his Fifth Amendment privilege against self-incrimination in answer to plaintiffs' interrogatories did not create an inference of liability sufficient to withstand a no-evidence summary judgment where plaintiffs presented no other relevant evidence). Without some probative evidence as to the elements of the Webbs' claims, any negative inference that might be drawn from Maldonado's invocation of his privilege against self-incrimination cannot rise beyond mere suspicion. *See Lozano,* 52 S.W.3d at 149; *see also Blake,* 211 S.W.3d at 434. As noted above, the record before this Court contains no probative evidence. Thus, any negative inference drawn as a result of Maldonado's assertion of the privilege against self-incrimination is mere suspicion. *See Lozano,* 52 S.W.3d at 149. A mere suspicion is less than the scintilla of probative evidence necessary to raise a fact issue on the challenged elements. *See King Ranch,* 118 S.W.3d at 751.

Other than the nine-page excerpt of Maldonado's deposition, the record contains no summary judgment evidence. Although the Webbs named Albert Maldonado as a defendant, the record does not indicate that citation was issued, that he was ever served, or that his deposition was taken. The record does not reflect that the Webbs deposed other witnesses or attempted other methods of discovery. The record does not contain information pertaining to the ownership of the vehicle, the driving record of Albert Maldonado, or even a copy of the police report of the incident.

When Maldonado refused to answer the Webbs' deposition questions and asserted his right against self-incrimination, he was not the exclusive judge of his right to exercise the privilege. *See Ex parte Butler,* 522 S.W.2d 196, 198 (Tex.1975). The trial court was entitled to determine whether the refusal to answer was based upon the good faith of the witness and justifiable under all the circumstances. *Id.* Here, there is no indication the Webbs filed a motion to compel or otherwise sought the assistance of the trial court to resolve the discovery impasse caused by Maldonado asserting his Fifth Amendment right against self-incrimination in response to every deposition question. The trial court was not given the opportunity to review the discovery requests, apply the law of privilege, discovery, and protection to the request, and determine how best to protect the privilege, the right to proceed with the case, and the right to defend the suit. *See In re R.R.,* 26 S.W.3d 569, 574 (Tex.App.-Dallas 2000, orig. proceeding); *see also In re Edge Capital Group, Inc.,* 161 S.W.3d 764, 768 (Tex.App.-Beaumont 2005, orig. proceeding). Therefore, we do not consider whether the privilege was properly invoked and limit our consideration to the evidence before the court.

By relying solely on Exhibits A and B, the Webbs failed to present the trial court with more than a scintilla of probative evidence to raise a fact issue on any of the challenged elements. *King Ranch,* 118 S.W.3d at 751. We conclude the trial court did not err in granting Maldonado's motion for no-evidence summary judgment. The Webbs' first issue is overruled.

■ The Webbs' second issue is raised for the first time on appeal. The Webbs argue that public policy and the interests of justice are not served by allowing Maldonado to conceal all evidence, frustrate the discovery process, and evade civil lia-bility through use of the Fifth Amendment. In order to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion, stating the specific grounds for the ruling requested. TEX.R.APP. P. 33.1(a); *see also Knapp v. Wilson N. Jones Mem'l Hosp.,* 281 S.W.3d 163, 170 (Tex.App.-Dallas 2009, no pet.); *In re Estate of Miller,* 243 S.W.3d 831, 837 (Tex.App.-Dallas 2008, no pet.). The Webbs did not present their public policy argument to the trial court; therefore, it is not preserved for appeal. We overrule the Webbs' second issue.

## CONCLUSION

We conclude the trial court did not err in granting Maldonado's motion for summary judgment. The trial court's judgment is affirmed.