ANN CRAWFORD McCLURE, Chief Justice
This is an appeal from the award of costs related to a discovery motion. We affirm the district court as to its decision to make the award, but we vacate the order based on two problems with its form.
FACTUAL SUMMARY
Lori Vae Clark and Richard Alan Clark were divorced on November 26, 2011. In addition to dividing the couple's assets, the final decree awarded Lori $131,537.50 in attorney's fees. Some three years later, apparently after the fee judgment went unpaid, Lori's counsel served Richard's counsel with thirty-four requests for production ostensibly directed at discovering his assets. Richard's counsel, Kevin Perkins and Chelsea M. Masters of Vanacour Schuler Zarin PLLC timely responded to *270 the discovery. Through counsel, Richard objected to fifteen of the thirty-four requests. He responded to the other nineteen requests that either there were no responsive documents, or that he would produce any responsive materials at a time and place agreed to by counsel.
Shortly after the responses were served, the attorneys amicably worked out a confidentiality agreement. Then, on March 12, 2015, Lori's counsel emailed Masters stating: "it appears I may need to seek a ruling on your objections and to compel production of additional documents. Before doing so, I ask that you withdraw your objections and supplement your client's document production." The same day Masters responded: "could you please be more specific regarding to what you object and why you feel our objections are not valid?" All of the objections had raised overbreadth concerns. Lori's counsel replied, again by email, generally claiming that the subject matter of the requests were not overbroad and met the specificity requirements in the rules of civil procedure. He then identified five requests for which documents were promised, and stated either that no documents were produced, or that the production was incomplete. Masters promptly replied that: "[w]ithout more specificity from you, we believe our objections are valid." She then represented that as to the five specific requests, Richard produced all the responsive documents available. Five days later, Lori's counsel filed the motion to compel which is the subject of this appeal.
The motion to compel raised two broad concerns. The first claimed that responsive documents were being withheld for Request for Production (RFP) 10 and 27. RFP 10 asked for: "[a]ll documents that refer to any and all financial-institution accounts on which Richard Clark has been an authorized user or that he has maintained since November 26, 2011. This includes but is not limited to bank statements, check stubs, and investment summaries." Richard had responded with this objection:
Respondent objects to the request because it is overly broad and is not in compliance with Tex.R.Civ.P. 196.1(b), which requires the request to specify the items to be produced or inspected, either by individual item or category, and describe with reasonably particularity each item and category. See Tex.R.Civ.P. 193 comment 2. Subject to the objections and without waiving the same, Respondent will produce documents at a time and place agreed to by counsel.
RFP 27 sought: "[a]ll documents that refer to any and all salaries, commissions, bonuses, income from employment, allowances, expenses, dividends, or any other amounts of money paid to Richard Clark." Richard responded without objection that he would produce those documents. The motion to compel challenged the objection to RFP 10, arguing that the "all documents" language did not render it overbroad under controlling case law. The motion also contended that Richard omitted obvious responsive materials. An affidavit from Lori's counsel attached to the motion claimed:
I also received documents from Respondent's counsel. Among the documents I received are a copy of a checkbook ledger and Respondent's tax returns for 2011, 2012, & 2013. I added the deposits in the ledger. They total approximately one-half of Respondent's gross income as stated in his tax returns. The ledger does not identify Respondent's bank name, account number, or account type."
The motion to compel also focused on a number of the requests which sought discovery of assets held by "Business Entities"
*271 (a defined term in the discovery) in which Richard held an ownership interest. One such request, for instance, sought "[a]ll documents filed with the Internal Revenue Service for each Business Entity."[1] Richard responded to this request as follows:
Respondent objects to the request as overbroad in that it goes beyond the subject matter of this case and reasonable expectations of obtaining information that will aid in the resolution of any dispute related to the Final Decree of Divorce. See Tex.R.Civ.P. 192 comment 1. Specifically, the Final Decree of Divorce authorizes access to records relating to the former community estate, including Respondent's businesses, only insofar as such requests for access consist of financial records and are used to determine acquisition dates or used for tax purposes.
This same objection was used for each of the several requests seeking information on "Business Entities" for which Richard held an ownership interest.
After Lori filed the motion to compel, the trial court issued a letter to counsel placing the motion on a submission docket without oral argument. The letter informed counsel of the logistics of providing the court with the motion, the response, any reply, the discovery requests and the responses. The letter also informed counsel:
Please note that TRCP 215.1 permits the Court to award reasonable expenses and attorney fees to the prevailing party following the submission of this motion. The Court mav require the party and/or the attorney to pay these costs. Further, please note that TRCP 215.3 permits the Court to impose additional sanctions listed in TRCP 215.2(b) against a party found to be abusing the discovery process in seeking or resisting discovery or if the Court finds that any interrogatory, request, response or answer is unreasonably frivolous, oppressive, harassing, or made for the purpose of delay.
[Emphasis in original]. The purpose of this warning was to encourage the parties to "carefully review and reconsider their position" prior to the submission date. The letter also explained that once the court issued its decision on any remaining discovery disputes, a party wishing to pursue sanctions could then set a hearing to determine the nature and amount of any appropriate sanction.
Richard's counsel filed a response to the motion to compel that claimed: (1) Lori's *272 counsel had failed to meaningfully confer on the disputes before filing the motion to compel, and some issues were raised for the first time in the motion; (2) upon receiving the motion with its explanation of Lori's complaints, Richard supplemented his document production; and (3) the Business Entities discovery was overbroad as seeking irrelevant information because the entities were limited liability companies whose assets are not subject to execution for an owner's debts. Lori's counsel filed a reply addressing these arguments. On April 25, 2015, the trial court signed an order overruling all the objections and set a specific date by which discovery to those requests, and RFP 27, must be produced.
No issue was raised as to compliance with this order, but Lori moved for a hearing to award her counsel fees for pursuing the motion to compel. At the hearing on that motion, attorney Mark Burroughs represented Richard. Lori's counsel testified that filing and pursuing the motion to compel incurred $4,785 in attorney's fees. After hearing argument, the trial court awarded $3,190 against "Richard Alan Clark +/or his attorney of record." This statement from the bench best captures the trial court's rationale:
I don't like boilerplate objections. I don't like objections when I can't even tell what the objection is. I don't like the objections when they're not specific. Bottom line is, I stand by the ruling that I made. I believe these objections were made in bad faith, and while that's not the standard, the bottom line is, I don't believe that they were proper and constitute an abuse of the discovery process and will be sanctioned by requiring the payment of some of the attorney's fees requested.
When asked who was responsible for paying the award, the trial judge responded: "I wrote and/or his attorneys. I frankly don't know what that means in the context of enforcement and don't care to worry about it too much right now, okay?" The signed order, however, uses the singular, and orders that Richard "+/or" his "attorney of record" to pay the sum.
ISSUES ON APPEAL
Richard and two of his attorneys bring this appeal. The first issue complains the trial court abused its discretion in ordering the sanction because there is no evidence, or insufficient evidence, that the motion to compel was necessary. The issue also contends the resulting sanction is unjust. The second issue maintains that there was no basis to award the sanction against Richard, as opposed to his counsel. The third issue challenges the form of the order, and in particular which of the several attorneys are liable.
STANDARD OF REVIEW
We review a sanctions order for an abuse of discretion. In re Natl. Lloyds Ins. Co. , 507 S.W.3d 219, 226 (Tex. 2016) (so holding for award under Rule 215.1(d) ); Blake v. Dorado , 211 S.W.3d 429, 434 (Tex.App.-El Paso 2006, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc. , 701 S.W.2d 238, 241-42 (Tex. 1985). "Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision." Low v. State , 2-03-347-CV, 2005 WL 1120013, at *1 (Tex.App.-Fort Worth May 12, 2005, no pet.) (mem. op.), citing Butnaru v. Ford Motor Co. , 84 S.W.3d 198, 211 (Tex. 2002). The fact that a trial court may decide a matter within its discretion in a different manner than we would does not demonstrate that an abuse of discretion has occurred.
*273 Downer , 701 S.W.2d at 242 ; Blake , 211 S.W.3d at 432.
RULE 215.1(d) EXPENSES
The motion for sanctions expressly sought the fee award under TEX.R.CIV.P. 215.1(d). Though sometimes referred to as a "sanction," the rule itself does not use that language:
Disposition of Motion to Compel: Award of Expenses. If the motion is granted, the court shall, after opportunity for hearing, require a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay ... the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
Id. Accordingly, an award under Rule 215.1(d) is not a penalty. Blake , 211 S.W.3d at 434 ; Hanley v. Hanley , 813 S.W.2d 511, 522 (Tex.App.-Dallas 1991, no writ). Rather, the rule functions to reimburse the movant for the expenses incurred in advancing the motion. Hanley, 813 S.W.2d at 522. Under its plain terms, a trial court is required to award expenses for a necessary motion unless the court finds the opposition to the motion was "substantially justified" or other circumstances make the award "unjust." TEX.R.CIV.P. 215.1(d).[2]
DISCUSSION
Appellants' first issue claims that the trial court abused its discretion because the motion to compel was not "necessitated" by their conduct. The essence of the argument is that Lori's counsel did not meaningfully confer before filing the motion and that until she actually filed the motion, no one could know Lori's true complaint with the discovery responses. The underlying assumption is that meaningful communications may have resolved the disputes, short of court intervention.
To be sure, the Texas Lawyer's Creed provides "I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses." TEX. LAWYER'S CREED-A MANDATE FOR PROFESSIONALISM , III, § 8 (reprinted in 76 TEX.BAR J. 435-36 (2013)). The Creed is aspirational and does not create new duties and obligations enforceable by the courts beyond those existing from (1) the courts' inherent powers and (2) the rules already in existence. PNS Stores, Inc. v. Rivera , 379 S.W.3d 267, 276-77 (Tex. 2012).
Looking to those rules, "[p]arties and their attorneys are expected to cooperate in discovery and to make any agreements reasonably necessary for the efficient disposition of the case." TEX.R.CIV.P. 191.2. To that end, all discovery motions must contain a certificate of conference stating that "reasonable efforts" were used to resolve the pending dispute without the need for court intervention. Id. Courts are somewhat split on the import of this and the predecessor rule, TEX.R.CIV.P. 166b(7)(repealed). The court in United Services Auto. Ass'n v. Thomas , 893 S.W.2d 628, 630 (Tex.App.-Corpus Christi 1994, writ denied) vacated a sanction when the movant failed to include a certificate of conference. Other courts have reasoned that the certificate of conference is for the court's benefit and the court may *274 choose to enforce it or not at the court's option. Groves v. Gabriel , 874 S.W.2d 660, 662 (Tex. 1994) (orig. proceeding); Tjernagel v. Roberts , 928 S.W.2d 297, 300-301 (Tex.App.-Amarillo 1996, no writ) ; International Surplus Lines Ins. Co. v. Wallace , 843 S.W.2d 773, 776 (Tex.App.-Texarkana 1992, orig. proceeding). The failure to confer might certainly affect the scope of the dispute, and thus the amount of attorney's fees. See Union Carbide Corp. v. Martin , 349 S.W.3d 137, 147 (Tex.App.-Dallas 2011, no pet.) (refusing to vacate sanction based on absence of certificate of conference, but noting expenses that would be avoided). We do not discount that the trial court might have incorporated that analysis into its order by awarding only two-thirds of the total sum sought. Nonetheless, the facts do not demonstrate the trial abused its discretion in concluding the motion to compel would still be necessary even if there had been a more robust discussion between the parties.
Richard and his counsel had two opportunities to reconsider the discovery responses. The first opportunity was at the time of the email exchange, when someone decided to stand by all of the objections asserted in the pleading. The second opportunity came after Lori filed the motion to compel and the trial court issued its letter. The warnings in the letter urged both parties to narrow the issues to only the legitimate areas of dispute before formal submission to the court. At this point, Richard or his counsel could have withdrawn or clarified some or all of his objections, or produced additional responsive materials. Richard's response claims that some additional documents were produced after Lori filed the motion to compel. There is no description in the response, at the hearing, or anywhere in our record as to what those additional documents were. We, like the trial judge, cannot tell if Richard ever disclosed the name and account number of his bank as the motion contends he withheld. In a collections suit, it would be hard to imagine a more relevant piece of information. Richard or his counsel stood on all of the objections, requiring Lori to advance the original motion as filed. The form objection used to respond to the "Business Entities" requests, however, was problematic on its face.
The first sentence in the objection used for the "Business Entities" requests claims the requests are overbroad. We certainly agree that overbreadth objections have their place in discovery practice. See e.g., In re Natl. Lloyds Ins. Co. , 507 S.W.3d 219 (Tex. 2016) (RFP seeking "all emails, reports attached to emails, and any follow-up correspondence and information related to those reports which were sent or received" by insurance company was overbroad in that it would require production of reports not germane to specific dispute); In re Deere & Co. , 299 S.W.3d 819, 820-21 (Tex. 2009) (discovery order was overbroad because the trial court did not impose a reasonable time limit); Dillard Dep't Stores, Inc. v. Hall , 909 S.W.2d 491, 491-92 (Tex. 1995) (per curiam)(discovery order was overbroad because it compelled production of incident reports from 227 department stores, though the plaintiff was injured in only one). But the second sentence of the objection qualifies its scope. The claimed overbreadth was that: "[s]pecifically, the Final Decree of Divorce authorizes access to records relating to the former community estate, including Respondent's businesses, only insofar as such requests for access consist of financial records and are used to determine acquisition dates or used for tax purposes." Just like the trial court alluded to at the hearing below, we are puzzled by the meaning of the objection in the context of this dispute. Lori was attempting to collect on an unpaid judgment. Her discovery was looking *275 for assets to pay that judgment. Her request had nothing to do with the final judgment's limitation on access to records for the former community estate.
Rather than recognize the problem with the wording of the objection, the response to the motion to compel attempts to morph it into a different objection. The response contends the financial information from the Business Entities was not relevant because all the business entities were limited liability corporations whose assets were exempt from seizure. See TEX.BUS.ORGS.CODE ANN. § 101.112(f) (West 2012)("A creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."). The trial court could have found this to be a new objection. It could have also found the objection unsubstantiated as nothing in the record identifies the other Business Entities, nor shows them to be LLCs. See In re CI Host, Inc. , 92 S.W.3d 514, 516 (Tex. 2002) (orig. proceeding)("Any party making an objection or asserting a privilege must present any evidence necessary to support the objection or privilege."). Or the trial court could have found the objection went too far, because Section 101.112 allows for a charging order against the LLC for the owner's distributions. TEX.BUS.ORGS.CODE ANN. § 101.112(d) ("The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest."). Several of the requests would have identified the extent of distributions that might be subject to such a charging order.
To reverse the entire award, Appellants would need to show that the no portion of the motion to compel was necessary. See In re Natl. Lloyds Ins. Co. , 507 S.W.3d at 226 (successful challenge to one of six categories of documents sought in motion to compel did not invalidate order for 215.1(d) costs, but at most required trial court to reconsider amount of fees awarded). The trial court did not abuse its discretion in finding at least some parts of the motion to compel were necessary.
The second subpart of the first issue contends that under the circumstances here, it would be "unjust" to award the costs. Rule 215.1(d) imposes expenses for any necessary discovery motion, unless the court finds the opposition was substantially justified or the award would be unjust. Appellants do not argue that the opposition to the motion was substantially justified. Rather, they focus on the award being unjust. The argument returns to the claim that Lori's conduct led to the necessity of the motion because she failed to confer meaningfully with Richard's counsel. For the reasons discussed above, we reject that claim.
Appellants' argument focuses solely on the circumstances leading to the filing of the motion, and not the broader question of what disputes were ultimately presented to the trial judge. The court's letter effectively informed the parties to narrow the disputes raised in the motion to compel through the response and reply. At that stage, Richard or his counsel, or both, effectively stood by all of his objections. Given at least some of those objections were on a shaky footing as we note above, Appellants have not demonstrated that that trial court abused its discretion in failing to find the imposition of sanctions would be unjust. We overrule issue one.
FORM OF THE ORDER
We agree with Appellants' second and third points, however, that we must vacate the order based on its form.
*276 First, we agree that under TEX.R.CIV.P. 215.1(d) the trial court must make some inquiry as to whether the party, counsel, or both are responsible for the conduct leading to the discovery dispute. This requirement has always been the case for true sanctions under other sanctions rules. Nath v. Texas Children's Hosp. , 446 S.W.3d 355, 367 (Tex. 2014) (Rule 13 sanctions); TransAmerican Nat. Gas Corp. v. Powell , 811 S.W.2d 913, 917 (Tex. 1991) (sanctions under predecessor to 215.3); JNS Enter., Inc. v. Dixie Demolition, LLC , 430 S.W.3d 444, 455 (Tex.App.-Austin 2013, no pet.) ( Rule 215.3 sanctions).
Lori argues that these authorities do not apply to a Rule 215.1(d) expense award, which is not a true sanction. While we may agree the level of culpability in awarding a true sanction and a Rule 215.1(d) expense differ, the rule still requires some conduct to justify the award. Nor do we discern any textual language in Rule 215.1(d) that would allow the trial court to tax expenses against an innocent party. Rule 215.1(d) itself gives the option of assessing expenses against the "party or attorney advising such conduct, or both...." Id. This choice presupposes that the trial court either must find the party, the attorney, or both meet the requisites of the rule. We do not make light of the inherent difficulty in peering through the "opacity [of the attorney client] relationship," to determine whether the client or lawyer or both are responsible. Nath , 446 S.W.3d at 363. Nonetheless, there was simply no indication here that Richard had any role in the assertion of the objections or withholding of documents and the taxing of expenses to him on this record cannot stand.
We also agree with Appellants' third issue that the form of the order is impermissibly vague. The oral pronouncement from the bench assessed the expenses against "Richard and/or his attorneys of record." The written order says the same, but uses the singular "attorney" in a circumstance when at least three attorneys had appeared on Richard's behalf. Nor do we favor the use of "and/or" which has been often criticized as creating inherent ambiguities. See In re United Scaffolding, 377 S.W.3d 685, 689-90 & n.3 (Tex. 2012) (observing that the use of and/or in legal documents "inherently leads to ambiguity and confusion"); Tanglewood Homes Ass'n, Inc. v. Feldman , 436 S.W.3d 48, 61 (Tex.App.-Houston [14th Dist.] 2014, pet. denied) (reversing judgment based on jury finding using term "and/or" because it created ambiguity to facts actually found); Am. Gen. Ins. Co. v. Webster , 118 S.W.2d 1082, 1084 (Tex.Civ.App.-Beaumont 1938, writ dism'd) ("[T]o our way of thinking the abominable invention, 'and/or', is as devoid of meaning as it is incapable of classification by the rules of grammar and syntax."); State v. Smith , 51 N.M. 328, 184 P.2d 301, 303 (1947) (the phrase and/or "has no place in pleadings, findings of fact, conclusions of law, judgments or decrees, and least of all in instructions to a jury"); Bryan A. Garner, A Dictionary of Modern Legal Usage, 56 (2d ed. 1987); Bryan A. Garner, The Elements of Legal Style 102 (1991). Instead, for judgments or orders awarding monetary sums, "jointly and severally liable" has a definitive meaning well understood by the courts.
Lori does not defend the form of the order, but instead asks that we reform it to specify which attorney should pay the fine. We have the authority to modify a judgment and affirm the judgment as modified. TEX.R.APP.P. 43.2(b). To do so here, however, would require us to speculate as to whether Richard or his attorneys drove the dispute, or if only the attorneys, we must speculate as to which attorney was responsible. If all the attorneys were from *277 one law firm, we might simply affirm as to the law firm, but two law firms are involved. We decline Lori's invitation, and instead vacate the trial court's order of August 14, 2015, and remand the case. The trial court has continuing jurisdiction over post-judgment discovery. See Arndt v. Farris , 633 S.W.2d 497, 499 (Tex. 1982) ("Rule 621a is an aid to the enforcement of the court's judgment, and the trial court has continuing jurisdiction over such matters as set forth in the rule."); Sintim v. Larson , 489 S.W.3d 551, 557 (Tex.App.-Houston [14th Dist.] 2016, no pet.) (noting trial court's jurisdiction over post-judgment discovery to include sanction orders). To the extent appropriate, the trial court may entertain issuing an order consistent with this opinion.
CONCLUSION
We overrule Issue One. We sustain Issues Two and Three and vacate the trial court's order of August 14, 2015. We remand for proceedings in accordance with this opinion. And dare we say it, we recommend substantive conferencing between the parties.
Hughes, J., not participating

The seven requests identified in the motion as falling in this category include:
2. All documents filed with the Internal Revenue Service for each Business Entity.
3. All financial statements for each Business Entity.
6. All deeds, titles, and documents of title for property in the name of each Business Entity.
14. All documents that refer to any ownership interest you have in any businesses, partnerships, or joint ventures that are not a Business Entity.
16. All documents that refer to any and all assets held in trust, in an estate, or in any other name or capacity in which Richard Clark claims an interest.
28. All documents that refer to any and all salaries, commissions, bonuses, income from employment, allowances, expenses, or dividends paid by a Business Entity.
32. All documents that refer to any and all personal or real property that each Business Entity has sold, given, or otherwise conveyed since November 26, 2011. RFP 16, which was also made the subject of the motion, does not actually use the term "Business Entity" and Richard responded to this request, not with an objection, but the simple reply "None." Lori's counsel erroneously represented to the trial court that Richard responded with the form objection we set out above, but Richard did not point out this discrepancy to the trial court.

By comparison, Rule 215.3 addresses discovery responses that are "unreasonably frivolous or made for the purposes of delay." With one of those findings, the court may award not only the expenses of discovery, but additional sanctions as well. Tex.R.Civ.P. 215.3.